# EXHIBIT "B"

Electronically Filed
11/13/2018 3:03 PM
Steven D. Grierson
CLERK OF THE COURT

1 COMP
LANE S. KAY, ESQ.
Nevada Bar No. 5031
LAW OFFICE OF LANE S. KAY
*A Professional Corporation*
819 South Sixth Street
Las Vegas, Nevada 89101
e-mail LSKESQ21@aol.com
Ph.: (702) 384-1504
Fax (702) 384-4322
Attorney for Plaintiffs

DISTRICT COURT
CLARK COUNTY, NEVADA

PENNY DRAKE-TYNER; MICHAEL HANSEN, )
                                  Plaintiffs, )
                                  vs. )
 )
NICOLAS L. HATCHER; GEISER BROS. )
DESIGN & DEVELOPMENT, INC., and DOES I )
through V, ROE CORPORATIONS, I through V, )
inclusive, )
 )
                                Defendants. )

Case No.: A-18-784432-C
Dept. No.: Department 29

## COMPLAINT

COMES NOW plaintiffs, PENNY DRAKE-TYNER and MICHAEL HANSEN, by and through their attorney, LANE S. KAY, ESQ., of the *Law Office of Lane S. Kay*, P.C., and for their causes of action against the Defendants, and each of them, allege as follows:

1. That at all times relevant to these proceedings, plaintiffs PENNY DRAKE-TYNER and MICHAEL HANSEN (hereinafter "PLAINTIFFS") were residents of the County of Clark, State of Nevada.

///

1

2. That at all times relevant herein, upon information and belief, defendant NICOLAS L. HATCHER (hereinafter "Defendant HATCHER") was a resident of the County of Maricopa, City of Phoenix, State of Arizona.

3. That at all times relevant herein, upon information and belief, Defendant GEISER BROS. DESIGN & DEVELOPMENT INC., (hereinafter "GEISER BROS"), a Domestic for Profit Corporation, was and is domiciled in the state of Arizona, was doing business and authorized to conduct systematic and continuous business in Clark County, Nevada. Defendant GEISER BROS is in the off-road racing business and offers pre-race preparation and race day support services for desert and short-course racing that do take place in Clark County, Nevada.

4. That the true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES I through V are unknown to Plaintiffs who, therefore, sue said Defendants by said fictitious names; Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated as DOES are responsible in some manner for the events and happenings referred to, and caused damages proximately to Plaintiffs as herein alleged, and Plaintiffs will ask leave of this Court to amend the Complaint to insert the true names and capacities of DOES I through V when the same has been ascertained and to join such Defendants in this action.

5. That the true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as ROE CORPORATIONS I through V are unknown to Plaintiffs who, therefore, sues said Defendants by said fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as ROE CORPORATIONS are responsible in some manner for the events and happenings referred to, and caused damages proximately to Plaintiffs as herein alleged, and Plaintiffs will ask leave of this Court to amend the

2

Complaint to insert the true names and capacities of ROE CORPORATIONS I through V when the same have been ascertained and to join such Defendants in this action.

6. That at all material times, Defendants, and each of them, were individuals and/or entities who were and are agents, masters, servants, employers, employees, joint ventures, representatives and/or associates, and with the consent, knowledge, authorization, ratification and permission of each other. At all times relevant hereto, Defendants, and each of them, engaged in concerted acts and/or were responsible for the acts and/or omissions of themselves and each other Defendant and held a special relationship with Plaintiff and with the other defendants, non-delegable in nature, and subject to a peculiar and high risk of harm for breach thereof.

7. Plaintiffs allege that Defendant HATCHER was an employee of Defendant GEISER BROS and that HATCHER was acting in the course and scope of his employment for GEISER BROS during all times which gave rise to the injuries and damages sustained by the Plaintiffs.

8. That each named DOE and ROE Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein.

9. That each named Defendant, as well as any Defendant designated as DOE or ROE entity are legally responsible for the events and happenings stated in this Complaint, and this proximately caused injury and damages to Plaintiffs as alleged herein.

10. That all facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

## GENERAL ALLEGATIONS

11. That on or about November 24, 2016, Plaintiffs were asked by Defendant HATCHER if they wanted to ride in an off-road racing trophy truck that his employer, Defendant GEISER BROS.,

had instructed Defendant HATCHER to get ready for a pre-run race that was taking place in either Las Vegas or Pahrump on November 26, 2016. Defendant HATCHER drove out to a desert area in Las Vegas, Nevada to test out the trophy truck. Both Plaintiffs had asked Defendant HATCHER to help them secure the very complicated harness system in the truck. Defendant HATCHER informed both Plaintiffs that there was no need to secure the harness because they would not be going that far or that fast. Defendant HATCHER did fasten his own harness system. Defendant HATCHER, in the course and scope of his employment for GEISER BROS in getting the trophy truck ready for the race on November 26, 2016, carelessly and negligently drove the trophy truck at a high rate of speed in a desert area that he was not familiar with and subsequently crashed into a ditch. Both Plaintiffs were tossed about the interior of the trophy truck because there were not properly restrained in the harness system in the trophy truck, and both Plaintiffs sustained serious injuries. Defendant GEISER BROS. carelessly and negligently failed to educate, train, and supervise their employee HATCHER and as a proximate result, Plaintiffs sustained serious, disfiguring, and disabling injuries. When Defendant HATCHER notified his employer, GEISER BROS., about the accident involving Plaintiffs, he was instructed to bring the trophy truck back to Phoenix, Arizona so it could be repaired and bought back to Las Vegas, Nevada for the race on November 26, 2016.

12. That by the reason of Defendants negligent acts and as a direct and proximate result thereof, PLAINTIFFS have sustained great pain of body and mind, and mental stress and anxiety, all or some of which conditions may be permanent and disabling in nature, all to PLAINTIFFS' damage in amounts to be determined at trial.

13. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs have suffered physical injuries, the exact nature and extent of which are unknown at this time. Said Plaintiffs have also incurred medical expenses in amounts to be determined at trial.

4

14. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs have lost income, employment benefits and loss of earning capacity in amounts to be determined at trial.

15. That Plaintiffs had to retain the services of an attorney to prosecute this action and are entitled to reasonable attorney's fees and costs of suit incurred herein.

WHEREFORE, Plaintiffs, expressly reserving the right to amend their Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demand judgment against Defendants, and each of them as follows:

1. General damages in an amount in excess of $15,000.00;

2. Damages for costs of medical care and treatment and costs incidental thereto, both past and future when the same have been fully ascertained;

3. For Loss of Earnings, benefits, and future earning capacity, both past and present;

4. Reasonable attorney's fees and costs of suit incurred herein; and

5. For such other and further relief as the Court may deem proper in the premises.

DATED this 12 day of November, 2018.

LAW OFFICE OF LANE S. KAY
A Professional Corporation

By: _____
LANE S. KAY, ESQ.
Nevada Bar No. 5031
819 South Sixth Street
Las Vegas, Nevada 89101
(702) 384-1504
Attorney for Plaintiffs
PENNY DRAKE-TYNER and
MICHAEL HANSEN

5